IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAAL WATTS, | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) No. ) |
| ESTES EXPRESS LINES, INC., a Foreign corporation, | ) ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT AT LAW

**NOW COMES** the plaintiff, JAMAAL WATTS (hereafter "WATTS"), by his attorneys, BENJAMIN & SHAPIRO, LTD., and for Count II of his Complaint at Law against the defendant, ESTES EXPRESS LINES, INC. (hereafter "ESTES"), and he alleges as follows:

1. On or about April 30, 2020, ESTES was a trucking company that had its headquarters in Richmond, Virginia and that also had a local warehouse in Joliet, Illinois.

2. On or about April 30, 2020, ESTES employed WATTS as a dockworker in its Joliet, Illinois warehouse.

3. Owing to the current coronavirus pandemic, WATTS learned that at least two of his co-workers had contracted coronavirus and were not able to work because of the infection.

4. Upon being advised of the fact that his coworkers had come down with the virus, WATTS requested from his employer at ESTES permission to not come to work while his co-workers remained contagious.

5. WATTS' supervisor at ESTES denied that request and ordered the plaintiff to return to work the next day.

6. WATTS did in fact return to ESTES on April 29, 2020 but had requested to work only an 8-hour shift to minimize risk from the first shift employees because of his exposure the day before to the infected employees.

7. Another employee caught the virus and thereafter left the premises and then upon his return to work, he had to leave again when his condition relapsed.

7. WATTS returned to work on April 30 but was told to leave the premises.

8. It was the duty of the defendant, at all times relevant hereto, to refrain from intentional wrongful conduct that placed WATTS in a position of imminent danger from contracting coronavirus in order to avoid placing WATTS in danger of being exposed to the area in which previously infected co-workers had worked.

9. Said duty notwithstanding, the defendant acted and/or failed to act in one or more of the following ways that amounted intentional, willful and wanton conduct toward the plaintiff:

    a. it exhibited reckless disregard for WATTS' safety when it forced his to return to work, all the time knowing that by doing so, it was exposing WATTS to danger by placing him in an area that had been occupied by co-workers who had contracted coronavirus;

    b. it exhibited reckless disregard for WATTS' safety when it terminated the plaintiff's employment by firing him for refusing to return to work

2

        to avoid exposing himself to the area that had been occupied by co-workers who had contracted coronavirus;

    c.    it exhibited reckless disregard for WATTS' safety by not properly cleaning the area in which WATTS' co-workers had worked all the time knowing that by not doing so, it intentionally exposed the plaintiff to coronavirus.

10. As a direct and proximate result of one or more of the foregoing acts and/or omissions, ESTES terminated WATTS' employment from its facility in Joliet, Illinois.

11. As a direct and proximate result of one or more of the foregoing acts and/or omissions, the plaintiff lost his income from being terminated from his position at ESTES, and further his self-esteem was permanently damaged.

**WHEREFORE,** the plaintiff, JAMAAL WATTS, prays judgment against the defendant ESTES EXPRESS LINES, INC. in an amount in excess of SEVENTY FIVE THOUSAND AND NO/100 ($75,000.00) plus the costs that he incurred in bringing this action.

                                                      JAMAAL WATTS

                                      By:    /s/ Scott Skaletsky
                                                    Scott Skaletsky

Scott Skaletsky
Benjamin & Shapiro, Ltd.
180 N. LaSalle Street. Suite 2600
Chicago, IL 60601
(312) 641-5944
(312) 217-6022 cell
(312) 641-3370 fax
ARDC #6181405
sskaletsky@benshaplaw.com